UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2015 JUN 29  P 3: 24

| | |
|---|---|
| GEORGE KELLY and KATHLEEN GUZZI, | |
| Pro Se Plaintiffs | DOCKET NO. |
| V. | CIVIL ACTION |
| TOWNSHIP OF EAST BRUNSWICK, EAST BRUNSWICH DEPARTMENT OF PUBLIC SAFETY, LT. KEVIN ZEBRO, ZEBRO, and PATROLMAN MICHAEL METHNER | **COMPLAINT AND JURY DEMAND** |
| Defendants | |

## NATURE OF THE ACTION

This is a 42 U.S.C. §1983 federal civil rights case under the First, Fourth, and Fifth Amendments of the United States Constitution as applied to the States by and through the Fourteenth Amendment for the Defendants' unlawful violations under color of state law of Plaintiffs' individual and collective constitutional rights to freely associate, travel freely, and to be free from unreasonable search and seizures as well as claims under New Jersey constitutional and statutory law.

## JURISDICTION AND VENUE

1.   Plaintiffs bring this action pursuant to 42 U.S.C. §1983 for violations of their civil rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

2. This Court has original jurisdiction over this civil action pursuant to Article III of the United States Constitution and 42 U.S.C. §§1331 and 1343 in that the action arises under the Constitution and laws of the United States.

3. Supplemental jurisdiction is conferred upon this Court pursuant to 28 U.S.C §1367(a) in that certain matters in controversy herein are claims under state law which are so related to the Plaintiffs' claims under the Constitution of the United States of America and under other federal law that such claims form part of the same case or controversy under Article III of the Constitution of the United States of America.

4. Venue is conferred upon the United States District Court for the District of New Jersey by 28 U.S.C. §1391(b) in that all of the events giving rise to the subject claims occurred in the District of New Jersey while all of the plaintiffs and defendants either resided in or were employed in said district.

## PARTIES

5. Plaintiff, George Kelly, is a citizen of the United States and a resident of the City of Plainfield in Union County, New Jersey. Plaintiff Kelly is an African American male.

6. Plaintiff, Kathleen Guzzi, is a citizen of the United States and a resident of the City of Plainfield in Union County, New Jersey. Plaintiff Guzzi is a Caucasian female.

7. Defendant, Township of East Brunswick ("Defendant Township"), is a municipal corporation within the State of New Jersey.

8. Defendant, East Brunswick Department of Public Safety ("Defendant Department"), is a law enforcement department of the Township of East Brunswick that is charged with the duty of upholding the laws of the United States, of the State of New Jersey, and of the Township of East Brunswick.

9. Defendant, Michael Methner, was at all times relevant hereto employed by the Township as a patrolman for Department and was acting in his capacity as a patrolman and employee of the Township and the Department and was charged thereby with the duty to enforce and abide by the Constitution and laws of the United States of America, the Constitution and laws of the State of New Jersey, and the charter, municipal laws and ordinances of the Township. Defendant Methner is a Caucasian male and he is sued individually and in his official capacity.

10. Defendant, Kevin F. Zorbo, was at all times relevant hereto employed by the Township as a lieutenant for the Department in the Department's Office of Professional Standards and was acting in his capacity as a lieutenant and employee of the Township and the Department and was charged thereby with the duty of investigating complaints filed against the Department's patrolmen and the duty to enforce and abide by the Constitution and laws of the United States of America, the Constitution and laws of the State of New Jersey, and the charter, municipal laws and ordinances of the Township. Defendant Zebro is sued individually and in his official capacity.

11. At all times mentioned herein and relevant hereto Defendants Methner and Zebro were acting under color of law and under color of their authority as a patrolman and lieutenant of the Township and the Department.

12. Each and all of the acts of defendants alleged herein were done by defendants, and each of them, not as individuals, but under the color and pretense of the statues, ordinances, regulations, customs, and usages of the State of New Jersey and the Township, and under the authority of their office as law enforcement for such state and municipality.

13. All of the acts alleged to have been done or not done by the defendants were done or not done by the defendants and their agents, servants, workers and/or employees acting within the course and scope of their employment with and on behalf of the defendants.

## FACTUAL ALLEGATIONS

14. On the afternoon of June 29, 2013 at approximately 4:25 p.m., Plaintiffs Kelly and Guzzi were exercising their First Amendment right to free association and their Fifth Amendment right to travel freely as they were traveling eastbound on Route 18 in the Township of East Brunswick, NJ.

15. Plaintiff Kelly was driving the vehicle and Plaintiff Guzzi was seated next to him in the front passenger seat.

16. While Plaintiffs Kelly and Guzzi were traveling through Defendant Township at the aforementioned place and time they did not engage in any type of individual or collective conduct or behavior that would have led a reasonable police officer that has been properly trained and supervised to conclude that Plaintiffs Kelly and/or Guzzi were about to engage in criminal activity, were presently engaged in criminal activity, or had previously engaged in criminal activity.

17. While Plaintiffs Kelly and Guzzi were traveling through Defendant Township at the aforementioned place and time they did not engage in any type of individual or collective conduct or behavior that would have led a reasonable police officer that has been properly trained and supervised to conclude that Plaintiffs Kelly and/or Guzzi were about to violate the traffic laws of the State of New Jersey, were presently violating the traffic laws of the State of New Jersey, or had previously violated the traffic laws of the State of New Jersey.

18. As Plaintiffs Kelly and Guzzi were traveling through Defendant Township at the aforementioned place and time Defendant Methner, without probable cause or reasonable suspicion, forced Plaintiffs Kelly and Guzzi to pull their vehicle over by activating his emergency lights.

19. Defendant Methner unnecessarily and ultimately seized and detained Plaintiffs Kelly and Guzzi for a total of approximately twenty-five minutes without probable cause or reasonable suspicion based on the illegal and unconstitutional basis that Plaintiff Guzzi's safety might have been in jeopardy because she was riding as a passenger in a vehicle being driven by an African American male, Plaintiff Kelly.

20. Rather than terminating his illegal and unconstitutional seizure of Plaintiffs Kelly and Guzzi upon discovering that Plaintiff Guzzi was perfectly safe and voluntarily riding in the vehicle with Plaintiff Kelly, Defendant Methner unnecessarily prolonged the infringement of Plaintiff's constitutional and statutory rights by working with a radio dispatcher to find some basis on which to charge Plaintiff Kelly with a criminal and/or traffic offense, by ordering Plaintiff Guzzi out of the vehicle on two occasions and subjecting her to the humiliation and degradation of a visual body search on the pretense that she was hiding drugs in the back waistband of her pants, and working with an, as yet, unidentified patrolman of Defendant Department to discover a way they could perform a more thorough search of Plaintiff Guzzi's person without a female patrolwoman present to conduct the search.

21. Defendant Methner also intentionally tried to provoke and/or humiliate Plaintiff Kelly by threatening to "issue him a bunch of tickets" when Plaintiff Kelly attempted to defend his integrity in response to Defendant Methner wrongfully impugning that integrity.

22. Having discovered that he lacked any probable cause or reasonable suspicion to charge Plaintiff Kelly or Plaintiff Guzzi with any criminal or traffic offenses Defendant Methner returned to Plaintiff Kelly's vehicle and advised Plaintiff Kelly and Plaintiff Guzzi that he would not be issuing any traffic citations and finally allowed them to continue on their way.

23. Defendants Township and Department, as a matter of custom, policy and/or practice, has failed to adequately train, supervise, discipline or otherwise direct its patrolmen and patrolwomen concerning selective enforcement, racial profiling, false imprisonment, and/or malicious abuse of process and authority, thereby causing, encouraging and condoning the Defendant Methner to engage in the unlawful and constitutionally impermissible conduct described herein.

24. On or about July 20, 2013, Plaintiffs Kelly and Guzzi filed complaints with Defendant Department's Office of Professional Standards regarding the events that transpired during the stop and detainment that occurred on June 29, 2013.

25. On or about January 22, 2014 Defendant Zebro responded to Plaintiff Kelly's complaint via written letter summarily concluding that Defendant Methner's actions during the stop that occurred on June 29, 2013 were in compliance with Defendant Department's policies and procedures.

26. As of the date of the filing of this Complaint, Plaintiff Guzzi has yet to receive a response to the complaint she filed with Defendant Department's Office of Professional Standards.

27. Defendant Zebro performed a perfunctory, cursory and substandard investigation into the complaints filed by Plaintiffs Kelly and Guzzi allowing the unconstitutional and illegal conduct of Defendant Methner to go unreported to his superior officers in Defendant

6

Department and allowing Defendant Methner to escape being held accountable and/or disciplined for his illegal and unconstitutional conduct.

28. Defendants Township and, as a matter of custom, policy and/or practice, has failed to establish any effective mechanism for investigating, evaluating, reviewing or resolving allegations of selective enforcement, racial profiling, false imprisonment and/or malicious abuse of process and authority, and for immediately stopping such illegal and unconstitutional conduct by patrolmen and patrolwomen of Defendants Township and Department, thereby causing, encouraging and condoning the individual defendants in this case to engage in the unlawful and constitutionally impermissible conduct described above.

29. Defendant Township and Defendant failed to adequately train, supervise, and/or control Defendant Zebro allowing him to conduct a perfunctory and cursory investigation of Plaintiffs' complaints resulting in Defendant Methner escaping accountability for violating the constitutional and statutory rights of Plaintiff Kelly and Plaintiff Guzzi and preventing superior officers to undertake corrective and disciplinary action against Defendant Methner.

## COUNT I

30. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs in this complaint as if fully set forth herein.

31. The actions and conduct of Defendants Methner and Zebro committed under color law and under color of their respective authority as a patrolman and lieutenant of Defendant Department as well as the gross negligence, recklessness, willful and wanton misconduct

7

of Defendants Township and Department to adequately train, supervise and discipline Defendants Methner and Zebro, directly caused the aforesaid injuries and harm suffered by the Plaintiffs and directly deprived Plaintiffs of their rights, privileges and immunities guaranteed to them as citizens of the United States in violation of 42 U.S.C. §§1983 and 1985(3) and deprived Plaintiffs of certain rights guaranteed to them by the Constitution of the United States: including:

(a)   Their First Amendment rights to free association by being stopped merely because Plaintiff Guzzi, a Caucasian, was traveling in a vehicle being driven by Plaintiff Kelly, an African American;

(b)   Their Fourth Amendment rights to be free from unreasonable search and seizures in that Plaintiffs were among other things, illegally stopped and illegally detained for an unreasonable period of time without probable cause or reasonable suspicion;

(c)   Their Fifth Amendment rights in that Plaintiffs were, among other things, deprived them of their liberty interest to travel freely without due process of law; and

(d)   Their rights under the above Amendments as guaranteed by the Fourteenth Amendment, these aforementioned acts having been done under color of law and state authority.

**WHEREFORE**, Plaintiffs Kelly and Guzzi demand judgment against Defendants Methner and Zebro, both joint and severally, in the amount of $75,000.00

## COUNT II

32. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs in this complaint as if fully set forth herein.

33. Defendant Department, as a matter of custom, policy and/or practice has intentionally and deliberately failed to adequately train, supervise, discipline or otherwise direct its patrolmen concerning illegal and unconstitutional conduct, selective enforcement, racial profiling, false imprisonment, and/or malicious abuse of process and authority, thereby causing, encouraging and condoning Defendant Methner in this case to engage in the unlawful and constitutionally impermissible conduct described herein.

34. Defendant Department, as a matter of custom, policy and/or practice, has intentionally and deliberately failed to establish any effective mechanism for investigating, evaluating, reviewing or resolving allegations of illegal and unconstitutional conduct, selective enforcement, racial profiling, false imprisonment, and/or malicious abuse of process and authority and for immediately stopping such illegal and unconstitutional conduct by patrolmen employed by Defendant Department, thereby causing, encouraging and condoning Defendant Methner to engage in the unlawful and constitutionally impermissible conduct described above.

35. Defendant Department, as a matter of custom, policy and/or practice, has intentionally and deliberately failed to sanction or discipline patrolmen, including Defendants Methner and Zebro, for illegal and unconstitutional conduct, selective enforcement, racial profiling, false imprisonment, and/or malicious abuse of process and authority, thereby causing, encouraging and condoning Defendants Methner and Zebro to engage in the unlawful and constitutionally impermissible conduct described above.

36. Defendant Department's highest policymaking officials or their delegates have failed to take effective and appropriate action to stop such illegal and unconstitutional conduct, selective enforcement, racial profiling, false imprisonment, and/or malicious abuse of process and authority and to discipline the patrolmen responsible therefore, thereby condoning, supporting and, in that manner, participating in the illegal and unconstitutional actions that were perpetrated against the Plaintiffs.

37. The foregoing acts and failures to act by Defendant Department deprived Plaintiffs of, and manifested a deliberate indifference to, the rights, privileges and immunities secured for Plaintiffs under 42 U.S.C. §1983 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

38. Plaintiffs seek such damages as are allowable under 42 U.S.C. §1983 from the Defendants including:

    (a) Such compensatory and punitive damages as are allowed at law;

    (b) Such actual and nominal damages as are allowed at law; and

    (c) Such attorney's fees, costs and expenses as are allowed by law.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Department for compensatory, punitive, actual and nominal damages in an amount in excess of $100,000 exclusive of attorney fees and such other and further relief as the Court deems just and necessary.

### COUNT III

39. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs in this complaint as if fully set forth herein.

40. Defendant Township, as a matter of custom, policy and/or practice, has intentionally and deliberately failed to adequately train, supervise, discipline or otherwise direct patrolmen concerning illegal and unconstitutional conduct, selective enforcement, racial profiling, false imprisonment, and/or malicious abuse of process and authority, thereby causing, encouraging, and condoning Defendant Methner to engage in the unlawful and constitutionally impermissible conduct described herein.

41. Defendant Township, as a matter of custom, policy and/or practice, has intentionally and deliberately failed to establish any effective mechanism for investigating, evaluating, reviewing or resolving allegations of illegal and unconstitutional conduct, selective enforcement, racial profiling, false imprisonment, and/or malicious abuse of process and authority and for immediately stopping such illegal and unconstitutional conduct by patrolmen employed by Defendant Department, thereby causing, encouraging and condoning Defendant Methner and Zebro to engage in the unlawful and constitutionally impermissible conduct described above.

42. Defendant Township, as a matter of custom, policy and/or practice, has intentionally and deliberately failed to sanction or discipline patrolmen, including Defendants Methner and Zebro, for illegal and unconstitutional conduct, selective enforcement, racial profiling, false imprisonment, and/or malicious abuse of process and authority, thereby causing, encouraging and condoning Defendants Methner and Zebro to engage in the unlawful and constitutionally impermissible conduct described above.

43. The foregoing acts and failures to act by Defendant Township deprived Plaintiffs of, and manifested a deliberate indifference to, the rights, privileges and immunities secured for

Plaintiffs under 42 U.S.C. §1983 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

44. Plaintiffs seek such damages as are allowable under 42 U.S.C. §1983 from the Defendants including:

    (a) Such compensatory and punitive damages as are allowed at law;

    (b) Such actual and nominal damages as are allowed at law; and

    (c) Such attorney's fees, costs and expenses as are allowed by law.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Department for compensatory, punitive, actual and nominal damages in an amount in excess of $100,000 exclusive of attorney fees and such other and further relief as the Court deems just and necessary.

## COUNT IV

45. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs in this complaint as if fully set forth herein.

46. The actions and conduct of Defendants Methner and Zebro committed under color law and under color of their respective authority as a patrolman and lieutenant of Defendant Department as well as the gross negligence, recklessness, willful and wanton misconduct of Defendants Township and Department to adequately train, supervise and discipline Defendants Methner and Zebro, directly caused the aforesaid injuries and harm suffered by the Plaintiffs and directly deprived Plaintiffs of their rights, privileges and immunities guaranteed to them as citizens of the State of New Jersey United States in violation of NJSA §10:6-2 and deprived Plaintiffs of certain rights guaranteed to them by the Constitution of the State of New Jersey including:

- (a) the right not to be denied the enjoyment of any civil right nor be discriminated against in the exercise of any civil right because of race, color, ethnicity or national origin as protected by Article 1, Paragraph 5 in that Plaintiffs were stopped and detained without probable cause or reasonable suspicion merely because Plaintiff Guzzi, a Caucasian female was riding along in a vehicle being driven by Plaintiff Kelly, an African American; and
- (b) Their right to be free from unreasonable search and seizures as protected by Article 1, Paragraph 7 in that Plaintiffs were among other things, illegally stopped and illegally detained for an unreasonable period of time without probable cause or reasonable suspicion.

**WHEREFORE**, Plaintiffs Kelly and Guzzi demand judgment against Defendants Methner and Zebro, both joint and severally, in the amount of $75,000.00

## COUNT V

47. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs in this complaint as if fully set forth herein.

48. The actions and conduct of Defendant Methner, committed under color of law and under color of his respective authority as a patrolmen, directly caused the aforesaid injuries and harm suffered by Plaintiffs and constituted:
    - (a) False imprisonment;
    - (b) Malicious abuse of process and authority;
    - (c) Intentional infliction of emotional distress;
    - (d) Negligent infliction of emotional distress;

 (e) Being otherwise guilty of willful, wanton, and reckless misconduct in the foregoing.

49. Solely as a result of the aforesaid violations of Plaintiffs' constitutional rights and tortious actions of Defendant Methner as hereinbefore set forth, Plaintiffs have been made to suffer and undergo emotional distress and affliction and may and probably will continue to suffer same for an indefinite period of time in the future, all to their great detriment and loss.

50. As a further and direct result of the aforesaid tortious activities and misconduct of Defendant Methner as hereinbefore set forth, Plaintiffs have been caused to be fearful and apprehensive of uniformed police officers, much to their detriment and loss.

51. The acts, conduct and behavior of Defendant Methner was performed knowingly, intentionally, recklessly and maliciously and are extreme and outrageous, by reason of which Plaintiffs are entitled to an award of punitive damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Methner in the amount of $100,000.

## COUNT V

52. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs in this complaint as if fully set forth herein.

53. The aforesaid acts and failures to act by Defendant Methner and Zebro deprived Plaintiffs of, and manifested a deliberate indifference to the rights, privileges and immunities secured for Plaintiffs under 42 U.S.C. §1983 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

54. The aforesaid acts and failures to act by Defendants Methner and Zebro were outrageous, wanton, malicious, intentional and/or motivated by ill will and justify the imposition of punitive damages to deter said Defendants and others similarly situated from like acts or failures to act in the future.

55. Plaintiffs seek such damages as are allowable under 42 U.S.C. §1983 from the DefendantMethner and Zebro including:

   (a) Such compensatory and punitive damages as are allowed at law;

   (b) Such actual and nominal damages as are allowed at law; and

   (c) Such attorney's fees, costs and expenses as are allowed by law.

**WHEREFORE**, Plaintiffs demand judgment against Defendants Methner and Zebro for compensatory damages and punitive damages in an amount to be determined by the jury exclusive of attorney fees and such other relief the Court deems just and necessary.

Respectfully submitted,

By: */s/ George Kelly/*
George Kelly
Proceeding Pro Se

1820 Rangewood Court
Plainfield, NJ 07060
Phone: (908) 757-5628
E-mail: Wheeliegk@aol.com

*/s/ Kathleen Guzzi/*
Kathleen Guzzi
Proceeding Pro Se

1820 Rangewood Court
Plainfield, NJ 07060
Phone: (908) 757-5628
E-mail:None